UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

RONALD A. SCHENA and
RACHAEL SCHENA,

Debtors.   Case No. 09-13165-s11

**HIGH DESERT STATE BANK'S OBJECTION**
**TO DEBTORS' CLAIMED EXEMPTIONS**

COMES NOW High Desert State Bank, Creditor, by and through its attorneys, the Law Office of George "Dave" Giddens, P.C., and for its objection to Debtors' Schedule C – Property Claimed as Exempt, filed on August 5, 2009 (Docket No. 14), states:

1. On Debtors' Schedule C, Debtors claimed an exemption under 11 U.S.C. § 522(d)(10)(E) for the property identified as "Debtors' checking account located at: Charter Bank (Military Retirement)" in the amount of $10,800.00.

   a. Section 522(d)(10)(E) exempts a "debtor's *right to receive* a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary to support the debtor and any dependent of the debtor." 11 U.S.C. § 522(d)(10)(E) (emphasis added).

   b. Section 522(d)(10)(E) does not exempt funds that have already been received, but only the right to receive future funds. *See In re: Cesare*, 170 B.R. 37, (Bankr. D. Conn.) (Only a debtor's right to receive a payment is exempted, funds lose their exempt character once the debtor receives the funds); *In re: McCollum*, 287 B.R. 750 (Bankr. E.D. Mo. 2002) (The right to receive a payment is extinguished when payments have been received prior to the commencement of a bankruptcy case).

c. As such, Debtors cannot claim funds already received and deposited into a checking account prior to filing their bankruptcy petition under § 522(d)(10)(E).

2. Debtors also cite 38 U.S.C. § 1970(g) for the claimed exemption of the funds.

a. Section 1970(g) exempts "***Any payments due or to become due*** under Servicemembers' Group Life Insurance or Veterans' Group Life Insurance made to, or on account of, an insured or a beneficiary shall be exempt from… the claims of creditors." 38 U.S.C. § 1970(g) (emphasis added).

b. This section does not exempt payments that Debtors have already received and deposited into a checking account. Several U.S. Supreme Court cases have analyzed the language of "payments due or to become due." The Court has consistently held that these payments lose their exempt status once they are received.

i. In *McIntosh*, the Supreme Court stated that "[t]he language of the section itself seems to present no difficulty… [W]e think the purpose of Congress is clearly expressed. It is not that pension money shall be exempt from attachment in all of its situations and transmutations. It is only to be exempt in one situation, to wit, when 'due or to become due.'" *McIntocsh v. Aubrey*, 185 U.S. 122, 124 (1902). The court states in clear language that "money received is not money due." *Id.* at 125.

ii. In *Trotter*, the Supreme Court built on *McIntosh*, stating that "moneys payable to this soldier were unquestionably exempt till they came into his hands or the hands of his guardian. *Trotter v. Tennessee*, 290 U.S. 354, 356-357 (1933).

c. As such, Debtors cannot claim funds received and deposited in a checking account prior to filing their bankruptcy petition as exempt under 38 U.S.C. § 1970(g).

3. Debtor also claims these funds as exempt under 38 U.S.C. § 5301.

a. Section 5301 has language identical to 38 U.S.C. § 1970(g), protecting a*ny payments due or to become due*.

b. Thus this section also does not exempt payments already received by the Debtors prior to filing their bankruptcy petition.

4. Additionally, Debtors claim an aggregate value of exemptions under § 522(d)(5) which exceeds the maximum amount allowed.

a. Under § 522(d)(5), Debtors may exempt their aggregate interest in any property, not to exceed in value $1,075 plus up to $10,125 of any unused amount of their homestead exemption.

b. Debtors claim a homestead exemption of $26,344.00 in their primary residence.

c. This results in an unused amount of $14,056.00.

d. When added to the $1,075.00 per spouse allowed by § 522(d)(5), Debtors can claim an aggregate amount of $16,206.00 as exempt under § 522(d)(5).

e. Debtors in fact claim an aggregate amount of $17,682.10 as exempt under § 522(d)(5).

f. Thus Debtors exceed the maximum exemption allowed under § 522(d)(5) by $1,476.10.

WHEREFORE, High Desert State Bank respectfully requests the Court to enter its Order denying the specified Claim of Exemptions, and for such further relief as the Court deems is just and proper.

> Respectfully submitted:
>
> Law Office of George "Dave" Giddens, P.C.
>
> /s/George D. Giddens, 9-18-09
> By:  George D. Giddens
> 10400 Academy, NE  Suite 350
> Albuquerque, NM 87111
> 505-271-1053
> ***Attorneys for High Desert State Bank***

## CERTIFICATE OF SERVICE

I hereby certify that on **September 18, 2009**, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Luis Puccini, Jr.
PUCCINI & MEAGLE, P.A.
P.O. Box 50700
Albuquerque, NM  87113-2702
***Attorneys for Debtors***
pmlaw@puccinilaw.com

Alice Nystel Page
P. O. Box 608
Albuquerque, NM 87103-0608
***Office of the United States Trustee***
alice.n.page@usdoj.gov

Notice was mailed by first class, postage prepaid, mail on **September 18, 2009**, to:

Ronald and Rachael Schena
9124 Wilshire Ct. NE
Albuquerque, NM  87122-3050

/s/submitted electronically, 9.18.09
George Dave Giddens