**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO**

In re:

RONALD A. SCHENA and
RACHAEL SCHENA,

        Debtors.             No. 09-13165-11

**DEBTORS MEMORANDUM BRIEF IN RESPONSE TO HIGH
DESERT STATE BANK'S OBJECTION TO DEBTORS' EXEMPTIONS**

COME NOW Debtors, Ronald A. Schena and Rachael Schena (hereinafter referred to as "Debtors" and/or "Schenas"), by and through their counsel, Louis Puccini, Jr. of Puccini Law, P.A. and hereby respond to High Desert State Bank's (hereinafter referred to as "Bank") Objection to Debtors' Claimed Objections. This response is filed pursuant to the Court Order scheduling the claimed exemptions, since the parties, by and through their respective attorneys have agreed that no further evidence or testimony is necessary and the Court can decide the issue based upon the pleadings and memoranda of law.

**I. Factual Background:**

    1. The Debtors filed a voluntary Chapter 11 on July 21, 2009.

    2. 11 U.S.C. § 341(a) Meeting of Creditors was held on August 20, 2009.

    3. The Debtors filed their Schedules and Statement of Affairs on August 5, 2009 (Dkt. No. 14) listing the claims of the Bank as contingent, disputed and unliquidated. In addition, the Debtors listed numerous counterclaims against the Bank (Schedule B, question 21) which counterclaims are pending in arbitration. The Bank has asserted that the Bank is a creditor of Ronald and Rachael Schena.

4. The Debtors filed an Amended Claim of Exemption Schedule C on August 7, 2009 (Dkt. No. 16). It is the Amended Schedule C exemptions that are the subject of the objection. (Note: The Debtors are fling a third Amended Schedule C simultaneously with this Response, primarily to correct a small mathematical error and to claim an exemption on the Debtors' primary residence for the balance remaining under 11 U.S.C. § 522(d)(5). The new exemption on the Debtors' residence is $26,342.00. However, this change does not affect the Bank's objection to exemptions since the objection relates to the Debtors' claimed exemption on Ronald Schena's military retirement bank account and on the Debtors' exemptions claimed under 11 U.S.C. § 522(d)(5) which will be addressed hereinafter.)

6. Although the Bank entered an appearance through counsel (Dkt. No. 8), the Bank has never filed a proof of claim (*see* Claims Docket).

## II. Memorandum of Law In Support of Debtors' Claimed Exemptions:

### A. Issues Concerning Exemptions Claimed Pursuant to 11 U.S.C. § 522(d)(5)

Contrary to the assertions of the Bank, the Debtors have not exceeded their exemptions permitted pursuant to 11 U.S.C. § 522(d)(5). The Debtors have claimed the following exemptions pursuant to the Amended Schedule C (Dkt. No. 16):

| Cash (rounded) | $   211.00 |
|---|---|
| Checking account | 3,736.00 |
| savings account | 152.00 |
| Wells Fargo checking account | 454.00 |
| Pentagon Federal Credit Union | 141.00 |
| Miscellaneous personal property | 10,037.00 |
| Sports and photograph equipment | 819.00 |

| | |
|---|---|
| Savings bond | 658.00 |
| **TOTAL** | $16,208.00 |

Pursuant to § 522(d)(5) the debtor is entitled to claim $1,075.00, plus up to $10,125.00 (of any unused amount of exemption provided in paragraph § 522(d)(1)). Therefore each debtor is entitled to $11,200 each pursuant to § 522(d)(5).

The Debtors have used $16,208.00 of their § 522(d)(5) exemption. Their total 522(d)(5) exemption is $22,400.00 deducting $16,208.00 leaves $6,192.00 which the Debtors added to the §522(d)(1) exemption of $20,150.00 on their homestead exemption for a total of $26,342.00.

The Debtors have not exceed the exemptions allowed under 11 U.S.C. § 522(d)(5).

**B.** **Memorandum in Support of Debtors' Claimed Exemptions On Ronald Schena's Military Retirement**

Pursuant to the Amended Schedule C (Dkt. No. 16) Ronald Schena, a retired United States Air Force Officer deposited all of the retirement checks received from the United States Air Force into the Debtors' checking account at Charter Bank (account no. ending 8388). This account contained only United States Military Retirement funds. The Debtors did not add any other funds from any other source to this account. There was no commingling of funds in this account with any other source of funds. The amount of the account on the date of filing of the Voluntary Petition was $10,800.00. The Debtors claimed these proceeds exempt pursuant to 11 U.S.C. § 522(d)(10)(E), 38 U.S.C. § 1970(g) and 38 U.S.C. § 5301, *et seq.*

The Debtors claimed the military retirement benefits exempt pursuant to 38 U.S.C. § 5301(a) in part states:

> Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or

3

> on account of, . . . shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, <u>either before or after receipt by the beneficiary</u>.

38 U.S.C. § 5301(a)(1). Emphasis added.

The Debtors agree that 38 U.S.C. § 1970(g) primarily relates to insurance benefits which is not relevant in this matter.

As a parallel case, the United States Supreme Court heard a case that "raises the question of whether benefits paid by the United States Veterans' Administration retain their exempt status under 38 U.S.C. § 3101(a)(1) after being deposited in an account in a federal savings and loan association." *Porter v. Aetna Cas. & Surety Co.*, 370 U.S. 159, 162, 82 S. Ct. 1231 (1962).

The Bank's objection to the exemption containing the Military Retirement funds is based upon the Bank's strained interpretation of the statute, and two bankruptcy court cases which are not precedential and finally a 1902 Supreme Court case that has been superceded by a later Supreme Court case which is cited herein. The Bank's objection to the Debtors' exemption on Military Retirement accounts is consistent with its adversarial position taken in this and the earlier State Court case and in the pending arbitration. In the *Porter* case, the United States Supreme Court quashed attachments by creditors on funds held by an Air Force veteran whose disability compensation had been deposited in an account. In summary, the Court ruled that these "funds were exempt from attachment under the statute because they were readily available as needed for support and maintenance, actually retained the qualities of moneys and had not been converted into permanent investments." *Id*., at 162. The United States District Court from which this appeal was taken had ruled that the attachments were quashed on the grounds that the funds in the accounts were exempt from attachment under 38 U.S.C. § 3101(a) which provided that payments of benefits due

or to become due under any law administered by the Veterans' Administration shall be exempt from the claims of creditors and shall not be liable to attachment, levy or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.  (Cited as *Porter v. Aetna Cas. & Surety Co.*, 185 F. Supp. 302).

The Supreme Court stated that "Since legislation of this type should be liberally construed . . . to protect funds granted by the Congress for the maintenance and support of the beneficiaries thereof . . . we feel that deposits such as are involved here should remain inviolate." *Id*. at 162.  The Court went on to state: "provided the benefit funds, regardless of the technicalities of title and other formalities, are readily available as needed for support and maintenance, actually retain the qualities of monies, and have not been converted into permanent investments." *Id*. at 162.

Judge Stewart Rose decided a similar case based upon New Mexico workmen's compensation benefits.  In the case of *Waldman v. Nolen*, 65 B.R. 1014 (Bank. Ct. N.M. 1986) the Debtor deposited all of the funds from his workmen's compensation settlement in a bank account and then filed bankruptcy.  Judge Rose decided that the bank account consisting only of proceeds of the workmen's compensation settlement is exempt from claims of creditors.

The Tenth Circuit has recently entered an interesting opinion which supports decisions that exempt funds retain their exempt status if deposited in a bank account which is consistent with the more current legal theories than the one articulated by the Bank which Supreme Court case is 108 years old.  *In the United States of America v. Griffith*, 584 F.3d 1004; CCCA 10th 2009) U.S. App. Lexis 23669, Case No. 07-5156 (decided October 27, 2009) although this was a criminal case, the Tenth Circuit analyzed whether the loss of Veterans' Administration funds caused by the defendant's offensive (criminal) conduct, once deposited into a beneficiary's account and were made available for withdrawal would retain their identity as VA funds.  The Tenth Circuit noted that the Supreme

Court and lower courts have in reference to 38 U.S.C. § 5301 and predecessor statutes exempted "veterans' benefits 'from taxation, . . . from the claim of creditors, and . . . [from] attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.'" *Id*. at 13 (citing 38 U.S.C. § 5301(a)(1). The Tenth Circuit stated that "In Lawrence, the Court held that veterans' benefits deposited in a bank retained their exempt character so long as those 'deposits are made in the ordinary manner such that the proceeds fo the collection are subject to draft upon demand for the veteran's use.'" *Id*. at 13 (citing *Lawrence v. Shaw*, 300 U.S. 245 (1937). The Tenth Circuit went on to state that "'[i]nvestments purchased with money received in settlement of benefits' do not retain their exempt character." In addition the Tenth Circuit cited the *Porter* case (*supra*) summarizing it by stating that the Supreme Court extended the Lawrence "holding to veterans' benefit funds on deposit in federal savings and loan associations." *Id*. (*United States of America v. Griffith*) at 13.

      The Tenth Circuit case concluded by stating as follows:

> Therefore, as long as a veteran's benefits are held in an account making those funds "readily available as needed for support and maintenance," and the funds are not "converted into permanent investments" or into property, *Porter*, 370 U.S. at 162; *Lawrence*, 300 U.S. at 249, they retain their identity as "public money" under § 641. Furthermore, even if VA funds are commingled in an account with other funds, they will retain their VA character as long as they are readily traceable and may be accounted for with a standard accounting method, such as first-in, first-out tracing.

*Id.* at 14. . . .

      When it is clear, as it is in this *Schena* case that the funds are exclusively retirement benefits in accordance with the more recent cases, these funds retain their exempt character and the *Schena* exemptions on Military Retirement funds should be allowed.

### B. Bank Lacks Standing to Object to Exemptions

As noted above, the Bank was listed as a contingent, disputed and unliquidated creditor and the Schenas listed, their numerous counterclaims against the Bank in the State Court and subsequent arbitration proceedings. Without unduly lengthening this brief, the Bank entered into a Construction Finance Agreement to build the Schenas' residence. The Bank requested that the Bank make all construction advances directly to the contractor, without Schena approval, on the assurance that the Bank would only advance progress payments, on inspection and certification that all subcontractors and materialmen had been paid. The Schenas had entered into a fixed price construction contract with the contractor which required change orders in the event of any change in the construction and/or price. No change orders were ever issued. 11 U.S.C. § 1109(d) defines a party-in-interest may raise and appear in any issue in a Chapter 11 case. However, the Debtors assert that the Bank is not a "creditor" in this case, has not filed a proof of claim and, at best, has a disputed, contingent and unliquidated claim and would not even be entitled to vote on a plan. 11 U.S.C. § 1126. Although there is no specific authority, if a creditor who has a disputed claim is not permitted to vote on a plan which is of critical importance in a Chapter 11, that creditor should not be permitted to object to exemptions. "Until a party has an allowed claim, it has no right to accept or reject a Chapter 11 plan." Collier on Bankruptcy, 16th Ed. § 1126.02[2][B] at 1126-5. Citing *In re Arabians*, 103 B.R. 211 (9th Cir. 1989).

### III. Conclusion:

The Bank's objection to the Debtors' exemption of Military Retirement benefits is inconsistent with the trend of cases over the last 50 years including the more recent Supreme Court case, the Tenth Circuit and the United States Bankruptcy Court for the District of New Mexico. The Debtors are clearly allowed an exemption on the Military Retirement benefits pursuant to applicable

7

Federal Statute and that exemption excludes deposits of such funds into bank accounts as long as such funds have not been used for investments when they lose their exempt character.  The Bank's position that on depositing the funds into a bank which of necessity must occur for the beneficiary to use the funds destroys the exemption is nonsense.  The exemption should apply to the funds received by the Debtor, Ronald Schena and all deposits of such funds in a segregated bank account, including all military retirement funds received post-petition.  The Debtors request the Court to deny the Bank's objections to exemptions.

**PUCCINI LAW, P.A.**

By: _/s/ electronically submitted 02/22/2010_
   Louis Puccini, Jr.
   *Attorneys for Debtors/Debtors-In-Possession*
   Post Office Box 50700
   Albuquerque, New Mexico  87181-0700
   Telephone:  (505) 255-0202
   Facsimile:  (505) 255-8726
   E-mail: puccinilaw@puccinilaw.com

## CERTIFICATE OF SERVICE

       In accordance with FRBP 9036, NM LBR 9036-1(b) and FRCP 5(b)(3), I certify that service of this document was made on February 22, 2010 via the notice transmission facilities of the case management and electronic filing system of the United States Bankruptcy Court for the District of New Mexico to those parties requesting same, including, but not limited to:

United States Trustee @ ustpregion20.aq.ecf@usdoj.gov

George D. Giddens, Jr., counsel for High Desert State Bank @ dave@giddenslaw.com

Alice Nystel Page, United States Trustee @ Alice.N.Page@usdoj.gov

**PUCCINI LAW, P.A.**

By:       */s/*
      Sherry A. Hare
      Paralegal for the Firm

T:\K\S\Schena Chpt 11\Pldgs\MemorandumBriefInResponsetoHDSBObjectiontoDebtors'Objections.022210.wpd
5953.01