UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

RONALD A. SCHENA
and RACHAEL SCHENA,

Debtors.                                                                No. 09-13165-s11

**OBJECTION TO MOTION TO STRIKE**
**HIGH DESERT STATE BANK'S REORGANIZATION PLAN**

COMES NOW First American Bank, by and through its counsel, the Law Office of George "Dave" Giddens, P.C., and for its objection to the Motion to Strike High Desert State Bank's Reorganization Plan (the "Motion"), filed on July 7, 2010 (Document No. 113), states:

1. The Debtors assert that High Desert State Bank ("HDSB") lacks standing in the case to file a plan. That assertion is incorrect. 11 U.S.C. § 1121(c) provides in relevant part that:

> (c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, *a creditor*, an equity security holder, or any indenture trustee may file a plan if and only if –
> > (2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter.

11 U.S.C. § 1121(c)(2) (emphasis added).

2. The Debtors assert that HDSB is not a creditor in the case because they have a counterclaim against HDSB. However, the term "creditor" is defined by the Bankruptcy Code as:

> (A) An entity that has *a claim* against the debtor that arose at the time of or before the order for relief concerning the debtor.

11 U.S.C. § 101(10)(A) (emphasis added).

3. The Bankruptcy Code defines the term "claim" as:

> (A) right to payment, *whether or not* such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

11 U.S.C. § 101(5)(A) (emphasis added).

4. The Debtors admit that HDSB has a claim and that they have a counterclaim, the resolution of which is the subject of arbitration.

5. Pursuant to 11 U.S.C. §§ 101(5)(A) and 101(10)(A), HDSB possessed a "claim" against the Debtor, which made HDSB a "creditor." The existence of a counterclaim does not render the claim invalid for purposes of standing.

6. The Debtors commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 21, 2009 (Document No. 1). 120 days from that date would have been November 18, 2009.

7. Due to the Debtors' "confusion" regarding their status as small business debtors, the exclusivity period was extended to February 8, 2010 (see Document No. 79), 162 days after the order for relief.

8. HDSB filed its Creditors' Plan on May 21, 2010, 307 days after the order for relief. Pursuant to 11 U.S.C. § 1121(c)(2), HDSB was able to file a plan in this case at that time.

9. It is now 372 days after the order for relief, and it is evident that the Debtors have no intention of ever prosecuting this chapter 11 case. However, if they chose to do so, the Debtors could still submit a competing plan.

10. The Debtors do correctly assert that On Friday, June 25, 2010, High Desert State Bank, Albuquerque, NM, was closed by the New Mexico Financial Institutions Division, and the Federal Deposit Insurance Corporation (FDIC) was named Receiver. Shortly thereafter, the FDIC transferred the accounts of HDSB to First American Bank. First American Bank is now stepping into HDSB's shoes as its successor-in-interest, and will continue to endeavor toward confirmation of the Creditor's Plan. A copy of the FDIC's Failed Bank Information, showing First American Bank as the acquiring financial institution, is attached hereto as **Exhibit A**.

11. The Debtors also assert that the Creditor's Plan is somehow unconstitutional, yet fail to disclose any details as to how or why they have formed that belief. If that argument is based on standing, it is invalid as discussed above.

WHEREFORE, First American Bank, Creditor, respectfully requests that the Court enter its Order denying the Motion to Strike High Desert State Bank's Reorganization Plan, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

Law Office of George "Dave" Giddens, P.C.

/s/Christopher M. Gatton,
Submitted electronically 8.6.10
10400 Academy NE, Suite 350
Albuquerque, NM 87111
Phone: (505) 271-1053
Fax: (505) 271-4848
Email: chris@giddenslaw.com
*Attorneys for First America Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on the **6th day of August, 2010**, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Louis Puccini, Jr.
PUCCINI LAW, P.A.
P.O. Box 50700
Albuquerque, NM 87181-0700
***Attorneys for Debtors***
puccinilaw@puccinilaw.com

Alice Nystel Page
P. O. Box 608
Albuquerque, NM 87103-0608
***Office of the United States Trustee***
alice.n.page@usdoj.gov

Concurrently, notice was mailed by first class mail, postage prepaid, to:

Ronald and Rachael Schena
9124 Wilshire Ct. NE
Albuquerque, NM  87122-3050

/s/Christopher M. Gatton
Submitted electronically 8.6.10